James PEOPLES, Alfred St. Laurent, John Doe on behalf of thirty-four prisoners for themselves, jointly and severally and on behalf of all others similarly situated, all at the Florida State Prison, Raiford, Florida, Plaintiffs,

v.

Louie L. WAINWRIGHT, Director of Divisions of Corrections, Tallahassee, Florida, individually and in his official capacity, Don Hassfurder, Superintendent of the Florida State Penitentiary, individually and in his official capacity, R. V. Turner, Assistant Superintendent, J. F. Tompkins, Assistant Superintendent, Florida State Prison at Raiford, Raiford, Florida, Defendants.

Michael Miles BELSKY, Fred Yokum, and Elester Samuel Roberts, individually, and on behalf of all others similarly situated at the Florida State Prison, Raiford, Florida, Plaintiffs,

v.

Louie L. WAINWRIGHT, Director of the Florida Division of Adult Corrections, Tallahassee Florida, individually, and in his official capacity, Daniel S. Dearing, Chief Trial Counsel for the Office of the Attorney General of the State of Florida, individually, and in his official capacity, L. E. Dugger, Acting Superintendent of the Florida State Prison at Raiford, Florida, individually, and in his official capacity, and R. V. Turner, Assistant Superintendent, Florida State Prison at Raiford, Florida, individually, and in his official capacity, Defendants.

Civ. Nos. 71–119, 71–163.

United States District Court,
M. D. Florida,
Jacksonville Division.

March 16, 1971.

James M. Russ, Orlando, Fla., Carol Wild Scott, Gainesville, Fla., Philip J. Hirschkop, American Civil Liberties Union, Alexandria, Va., for plaintiffs.

Robert L. Shevin, Atty. Gen. of Fla., Daniel S. Dearing, Chief Trial Counsel, Dept. of Legal Affairs, Tallahassee, Fla., for defendants.

## AMENDED ORDER

TJOFLAT, District Judge.

The Order entered herein on March 15, 1971, is hereby amended to read as follows:

This cause came on for hearing on the *sua sponte* order of this Court (filed March 12, 1971) to show cause why the cases of Peoples, et al., v. Wainwright, et al., (No. 71–119–Civ–J) and Belsky, et al., v. Wainwright, et. al. (No. 71–163–Civ–J) should not be consolidated,

or, alternatively, why the latter case should not be stayed. From the viewpoint of injunctive relief, both cases are class actions, instituted under rule 23 (a) and (b) (1), Federal Rules of Civil Procedure, on behalf of the inmates of the Florida State Prison at Raiford. In each case plaintiffs have alleged that correspondence between them and their counsel of record has been systematically opened, read and censored by the prison administration. The defendants have stipulated that all mail to and from the inmates is opened, read and censored for security purposes, and, further, that letters sent by James M. Russ, plaintiffs' counsel of record in these cases, to various prisoners were returned unopened because each envelope indicated that it contained a confidential communication between attorney and client. Rather than open the letters contrary to counsel's instructions, they were returned.

Plaintiffs contend that their prosecution of the *Peoples* case is seriously impaired by these censoring practices which, as a practical matter, have foreclosed effective attorney-client communication in this case. It is urged that such censorship is proscribed by the First and Sixth Amendments of the Constitution of the United States and should be enjoined for that reason.

▮ A decision on constitutional grounds is not necessary to resolve the problem. It has long been recognized that a Court has the inherent power to enter such Orders as may be necessary to the proper administration of the litigation before it. This concept is embodied in Rule 23(d), Federal Rules of Civil Procedure, which provides, *inter alia*, that the Court, in class actions such as these, "may make appropriate orders: (1) determining the course of proceedings * * * (3) imposing conditions on the representative parties * * * (and) (5) dealing with similar procedural matters." It would appear that attorney-client communication by mail, under the circumstances present in these cases, is a proper matter for such administrative regulation by this Court. Therefore, it is

Ordered:

A. That, until further Order of this Court, defendants and their agents at the Florida State Prison at Raiford shall not open, read, or censor the following described mail:

1. Prisoner letters addressed to "Law Offices of James M. Russ, 441 First Federal Bldg., Orlando, Florida, 32801."

2. Letters from attorney James M. Russ to prisoners which are enclosed with and are sent under the cover of a letter from attorney Russ to Mr. L. E. Dugger, Acting Superintendent of the prison. Such cover letter shall list the enclosed letters and name the prisoners to whom they are sent. Such letters shall be delivered to the respective prisoners in due course.

B. Defendants may submit such mail to whatever tests may be appropriate for security purposes without opening the envelopes containing same.

C. Attorney Russ shall not act as a conduit for letters or messages to or from Raiford prisoners and persons not appearing as counsel for plaintiffs in these cases.

D. Because the plaintiffs in these causes are identical and the defendants are essentially the same; in view of the fact that the injunctive relief sought in the *Belsky* case is included in plaintiffs' claim for injunctive relief in the *Peoples* case; since the cases involve common questions of law and fact and for purposes of convenience and economy; the cases are consolidated pursuant to Rule 42(a), Federal Rules of Civil Procedure.